IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LILLY V. EVANS,

Plaintiff,

v.

UNISON AGREEMENT CORP., et al.,

Defendants.

Civil Action No: 1:26-cv-00999-RC

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND FOR EXPEDITED CONSIDERATION**

Defendants Unison Agreement Corp. ("UAC"), Unison Investment Management, LLC ("UIM"), Real Estate Equity Exchange, Inc. ("REEE"), Odin New Horizon Real Estate Fund, L.P. ("Odin"), and Odin New Horizon General Partner, LLC ("Odin General Partner") (together, "Defendants" or "Unison"), respectfully move this Court to (1) stay all proceedings in this action pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision on Defendants' motion to transfer this and four related actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407, filed August 13, 2026, *see* ECF No. 19; (2) direct the parties to file a joint status report within seven days of the JPML's ruling, advising the Court of the outcome and proposing next steps; (3) direct Defendants to file their motion to dismiss the Complaint within twenty-one days of that ruling if the JPML denies the motion to transfer; and (4) expedite consideration of this Motion—given the time-sensitive nature of the relief—by directing Plaintiff to file any opposition within seven days of service, by August 28, 2026, with Defendants' optional reply due four days thereafter. In the alternative, if the Court is not prepared to rule on this Motion before the September 4, 2026 response deadline, Defendants respectfully request that the Court extend Defendants' deadline to respond to the Complaint until after the JPML issues its decision on the MDL Motion. As explained in the accompanying Memorandum of Points and Authorities, this action is in its earliest stages, no discovery has occurred, and a brief stay would avoid duplicative proceedings while the JPML's decision is pending.

Pursuant to Local Civil Rule 7(m), counsel for Unison conferred with counsel for Plaintiff on August 17 and 18, 2026, regarding the relief sought in this Motion. Plaintiff opposes the requested relief. Defendants Vantage Point Title, Inc. and Ismael Casas, Jr. consent to this Motion.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Raymond P. Tolentino*

Michelle L. Rogers (D.C. Bar #498625)
Raymond P. Tolentino (D.C. Bar #1028781)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Phone: 202-842-7800
Fax: 202-842-7899
Email: mrogers@cooley.com
Email: rtolentino@cooley.com

*Counsel for Defendants Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., Odin New Horizon Real Estate Fund, L.P., Odin New Horizon General Partner LLC, and Ismael Casas, Jr.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LILLY V. EVANS,<br><br>Plaintiff,<br><br>v.<br><br>UNISON AGREEMENT CORP., et al.,<br><br>Defendants. | Civil Action No: 1:26-cv-00999-RC |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND FOR EXPEDITED CONSIDERATION**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1
FACTUAL AND PROCEDURAL BACKGROUND........................................................ 2
I. The *Evans* Action........................................................................................... 2
II. The Related Actions......................................................................................... 2
III. Unison's MDL Motion. .................................................................................... 4
LEGAL STANDARD................................................................................................... 5
ARGUMENT ................................................................................................................ 5
I. A Stay Will Serve the Interest of Judicial Economy and Avoid Duplicative Efforts for the Parties. ........................................................................................ 5
II. A Brief Stay Will Not Prejudice Plaintiff, While the Absence of a Stay Will Be Inefficient. ....................................................................................................... 7
III. This Court Should Grant Expedited Consideration of this Motion. ................. 9
CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES


Page(s)

**Cases**

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*,
48 F. Supp. 2d 37 (D.D.C. 1999) .......... 1, 5, 6

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
668 F.3d 724 (D.C. Cir. 2012) .......... 5, 9

*Bledsoe v. Crowley*,
849 F.2d 639 (D.C. Cir. 1988) .......... 5

*Colorado River Water Conservation District v. United States*,
424 U.S. 800 (1976) .......... 1

*Gallagher v. Boehringer Ingelheim Pharmaceuticals, Inc.*,
2023 WL 402191 (S.D.N.Y. Jan. 25, 2023) .......... 9

*In re Johnson & Johnson Aerosol Sunscreen Mktg., Sales Pracs. & Prods. Liab. Litig.*,
568 F. Supp. 3d 1412 (J.P.M.L. 2021) .......... 4

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... 5, 9

*Louisiana Power & Light Co. v. City of Thibodaux*,
360 U.S. 25 (1959) .......... 1

*In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*,
543 F. Supp. 3d 1377 (J.P.M.L. 2021) .......... 4

*Nat'l Indus. for the Blind v. Dep't of Veterans Affairs*,
296 F. Supp. 3d 131 (D.D.C. 2017) .......... 5

*In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Liab. Litig.*,
568 F. Supp. 3d 1408 (J.P.M.L. 2021) .......... 4

*Portnoy v. Zenith Lab'ys*,
1987 WL 10236 (D.D.C. Apr. 21, 1987) .......... 1, 6, 7

*Quinn v. JPMorgan Chase Bank, N.A.*,
2020 WL 3472448 (S.D.N.Y. June 24, 2020) .......... 8

*Smith v. Hendricks*,
140 F. Supp. 3d 66 (D.D.C. 2015) .......... 6

**TABLE OF AUTHORITIES**
**continued**

**Page(s)**

*In re T-Mobile Customer Data Sec. Breach Litig.*,
576 F. Supp. 3d 1373 (J.P.M.L. 2021)....4

*Zimmerman v. Meta Platforms, Inc.*,
No. 1:23-cv-02139 (D.D.C. Feb. 21, 2024)....6

**Statutes**

15 U.S.C. § 1601....3

28 U.S.C. § 1407....1

Colorado Uniform Consumer Credit Code, C.R.S. § 5-3-101(3)....3

D.C. Code § 26-1114(a)(7)....4

**Other Authorities**

U.S. Judicial Panel on Multidistrict Litigation, Hearing Information,
https://www.jpml.uscourts.gov/hearing-information....4

## INTRODUCTION

This lawsuit is one of at least five related federal actions pending against one or more of Defendants, all arising from Unison's Equity Sharing Agreements ("ESAs"). All five actions allege that Unison's ESAs operate as undisclosed mortgage loans. All name one or more of the same Unison entities as defendants. And all raise closely related claims arising from the same alleged marketing, disclosure, and licensing practices. On August 13, 2026, Defendants submitted a motion to the JPML, pursuant to 28 U.S.C. § 1407 (the "MDL Motion"), to transfer this action and four other related federal actions (together with this action, the "Related Actions") for coordinated or consolidated pretrial proceedings. *In re: Unison "HomeOwner Agreement" Equity Option Contract, Marketing, and Sales Practices Litig.*, MDL No. 3201 (J.P.M.L.), ECF No. 19.[1] Defendants respectfully request that this Court briefly stay all proceedings in this action pending a ruling on that motion. D.D.C. courts regularly grant such stays when doing so would "further judicial economy and eliminate the potential for conflicting pretrial rulings." *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 43 (D.D.C. 1999); *see also Portnoy v. Zenith Lab'ys*, 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987) ("The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pre-trial tasks."). This action is in its earliest stages—no responsive pleading has been filed, and no discovery has occurred. A brief stay would

[1] The day after the MDL Motion was filed, on August 14, 2026, this Court denied Defendants' motion to stay this action pending the resolution of *National Association of Consumer Advocates, Inc. v. Unison Agreement Corp.*, No. 2026-CAB-000955 (D.C. Super. Ct.). *See* ECF No. 22. That motion sought a stay under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959), and the Court's inherent authority. None of those doctrines is at issue here. The present motion seeks a stay on an entirely different basis: the pendency of a JPML transfer petition that did not exist when the prior stay motion was filed. Accordingly, this motion presents a categorically different legal question from the abstention doctrines this Court previously considered.

serve judicial economy by preventing duplicative litigation while imposing no prejudice on Plaintiff. Recognizing as much, other federal courts presiding over the other Related Actions have issued a similar order staying or holding in abeyance proceedings pending resolution of the MDL Motion. This Court should follow suit and grant a temporary stay.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The *Evans* Action.

Plaintiff Lilly V. Evans filed this action in the Superior Court of the District of Columbia on February 5, 2026, asserting various claims arising from an ESA between Plaintiff and Unison, including claims that the ESA constituted an unlicensed and unlawful mortgage loan under D.C. law. Defendants removed the action to this Court on March 23, 2026. Defendants have not yet answered or otherwise responded to the Complaint, and no discovery has occurred. On May 4, 2026, the Court stayed Defendants' deadline to respond to the Complaint "until further order from the Court." To date, the Court has not issued an order setting a deadline for Defendants' response.

### II. The Related Actions.

Plaintiff's core allegations are not unique to this case. Beginning in early 2026, at least four putative class actions raising substantially the same claims and facts have been filed against one or more of the Defendants in four separate federal district courts: *Coffin v. Unison Agreement Corp.*, No. 1:26-cv-01587 (E.D.N.Y., filed Mar. 17, 2026); *Kane v. Unison Agreement Corp.*, No. 1:26-cv-01444 (D. Colo., filed Apr. 6, 2026); *Santaniello v. Unison Agreement Corp.*, No. 2:26-cv-07117 (D.N.J., filed June 15, 2026); and *Cuvellier v. Unison Agreement Corp.*, No. 3:26-cv-30126 (D. Mass., filed Aug. 5, 2026).

The Related Actions share substantially overlapping factual allegations and present identical and substantially similar legal issues. All five complaints allege that Unison falsely markets itself as a "partner" with homeowners, advertises the product as involving "no debt," "no

interest," and "without monthly payments," and represents that it shares equally in the risk of home-value changes. *See, e.g.*, *Evans* Compl. ¶¶ 34–40, 45–47, ECF No. 1-1; Amended Complaint at ¶¶ 75–84, 262 ("*Coffin* Am. Compl."), *Coffin v. Unison Agreement Corp.*, No. 1:26-cv-01587 (E.D.N.Y. May 11, 2026), Dkt. No. 13; Amended Complaint at ¶¶ 5, 140–147, 169 ("*Kane* Am. Compl."), *Kane v. Unison Agreement Corp.*, No. 1:26-cv-01444 (D. Colo. June 8, 2026), Dkt. No. 22; Complaint at ¶¶ 76, 115, 133–138 ("*Santaniello* Compl."), *Santaniello v. Unison Agreement Corp.*, No. 2:26-cv-07117 (D.N.J. June 15, 2026), Dkt. No. 1; Complaint at ¶¶ 6, 102, 136, 278 ("*Cuvellier* Compl."), *Cuvellier v. Unison Agreement Corp.*, No. 3:26-cv-30126 (D. Mass. Aug. 5, 2026), Dkt. No.1. All five allege that Unison obscures the true cost of the transaction through mechanisms such as a "Risk Adjustment" that artificially lowers the appraised value at origination, an illusory "Balance Payment" that is never actually paid to the homeowner, and opaque fee structures. *See, e.g.*, *Evans* Compl. ¶¶ 104, 123–127, 131–132, 158–159; *Coffin* Am. Compl. ¶¶ 3, 45–47, 53–54, 76, 238; *Kane* Am. Compl. ¶¶ 109, 112, 114–116, 141; *Santaniello* Compl. ¶¶ 93, 103–106, 114, 126–128, 151, 155; *Cuvellier* Compl. ¶¶ 83–84, 109–110, 115–119, 125. All five allege that Unison failed to comply with requirements as mortgage lenders under applicable state or District law. *See Evans* Compl. ¶¶ 177–178, 228(b), 271, 280; *Coffin* Am. Compl. ¶¶ 93, 180(e), 193–194, 205–206, 224, 247–249; *Kane* Am. Compl. ¶¶ 27(b), 29(d), 76; *Santaniello* Compl. ¶¶ 77, 179, 215–219; *Cuvellier* Compl. ¶ 264(b). Several of the Related Actions also reference the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, as a basis to argue that Unison failed to provide required disclosures for residential mortgage loans. *See Kane* Am. Compl. ¶¶ 278–282 (alleging failure to make TILA-required disclosures as incorporated by the Colorado Uniform Consumer Credit Code, C.R.S. § 5-3-101(3)); *Evans* Compl. ¶¶ 181-182, 197, 251, 273(d), 281–282 (alleging failure to provide TILA disclosures as required by D.C. Code § 26-

1114(a)(7)); *see also Santaniello* Compl. ¶¶ 35–37 (discussing TILA's residential mortgage loan protections).[2]

## III. Unison's MDL Motion.

On August 13, 2026, Unison filed the MDL Motion to transfer the Related Actions to the Eastern District of New York for coordinated or consolidated pretrial proceedings. The MDL Motion is now pending before the JPML (MDL No. 3201). Responses to the MDL Motion are due September 8, 2026, with any reply due September 15, 2026. The JPML is likely to hear that motion at its September 24, 2026 hearing session and is expected to issue a decision by mid-October 2026 based on the JPML's historic practices.[3] *See* U.S. Judicial Panel on Multidistrict Litigation, Hearing Information, https://www.jpml.uscourts.gov/hearing-information (identifying upcoming hearing sessions).

Courts overseeing three of the four other Related Actions have already stayed or held proceedings in abeyance pending the JPML decision. The District of New Jersey stayed the *Santaniello* action in its entirety pending the JPML's ruling. *See* Text Order, *Santaniello v. Unison Agreement Corp.*, No. 2:26-cv-07117 (D.N.J. Aug. 13, 2026), Dkt. No. 23 (text order staying case pending further order of the Court and requiring joint status letters every thirty days). The Eastern District of New York stayed discovery deadlines and held motions in abeyance in the *Coffin* action

[2] The Related Actions also involve additional factual and legal issues that support the need for consolidation, including, for example, questions relating to the application of statutes of limitations. *See* Brief in Support of Motion for Transfer at 5, n.7, *In re Unison "HomeOwner Agreement" Equity Option Contract, Marketing, and Sales Practices Litigation* ("MDL Mot. Br.") (JPML Aug. 13, 2026), Dkt. No. 1-1.

[3] *See, e.g.*, *In re T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373, 1375, 1375 n.3 (J.P.M.L. 2021) (transfer order issued one day after hearing); *In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Liab. Litig.*, 568 F. Supp. 3d 1408, 1410, 1410 n.3 (J.P.M.L. 2021) (eight days after hearing); *In re Johnson & Johnson Aerosol Sunscreen Mktg., Sales Pracs. & Prods. Liab. Litig.*, 568 F. Supp. 3d 1412, 1414, 1414 n.2 (J.P.M.L. 2021) (eight days after hearing); *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, 543 F. Supp. 3d 1377, 1379 n.4, 1380 (J.P.M.L. 2021) (eleven days after hearing).

pending the JPML's ruling. *See* Order, *Coffin v. Unison Agreement Corp.*, No. 1:26-cv-01587 (E.D.N.Y. Aug. 20, 2026) (staying discovery deadlines pending the JPML's decision on the MDL Motion); Order, *Coffin v. Unison Agreement Corp.*, No. 1:26-cv-01587 (E.D.N.Y. Aug. 10, 2026), Dkt. No. 36 (holding motions in abeyance pending JPML decision). The District of Colorado stayed the *Kane* action in its entirety pending the JPML's ruling. *See* Minute Order, *Kane v. Unison Agreement Corp.*, No. 1:26-cv-01444 (D. Colo. Aug. 20, 2026), Dkt. No. 30 (granting unopposed motion to stay all proceedings pending the JPML's decision on the transfer motion). This Court should join that growing chorus and stay this case pending resolution of the MDL Motion.

## LEGAL STANDARD

"There is no question of the District Court's authority to order a stay: [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, "[d]istrict courts have broad discretion to stay all proceedings in an action pending the resolution of independent legal proceedings." *Nat'l Indus. for the Blind v. Dep't of Veterans Affairs*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017). In deciding whether to grant a stay, courts in this District "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (cleaned up).

## ARGUMENT

### I. A Stay Will Serve the Interest of Judicial Economy and Avoid Duplicative Efforts for the Parties.

D.D.C. courts regularly grant stays pending JPML decisions when, as here, "such a stay would further judicial economy." *Aetna*, 48 F. Supp. 2d at 43; *see, e.g.*, Minute Order granting

Meta's opposed motion for stay of proceedings pending transfer by the Judicial Panel on Multidistrict Litigation, *Zimmerman v. Meta Platforms, Inc.*, No. 1:23-cv-02139 (D.D.C. Feb. 21, 2024); *Smith v. Hendricks*, 140 F. Supp. 3d 66, 79 (D.D.C. 2015) (granting a motion to stay all proceedings pending transfer to a multidistrict litigation that contained "thousands of cases pending against [the defendant] . . . that present[ed] similar claims to Plaintiff's claims"); *Portnoy*, 1987 WL 10236, at *1 ("The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pre-trial tasks.").

Here, the Related Actions, including this case, all turn on the same core factual and legal questions: whether Unison's ESA is an options contract or an undisclosed loan; whether Unison's marketing and disclosures adequately convey the product's cost and structure; and whether Unison's conduct in connection with that product violates consumer-protection and lending laws. Proceeding with motion practice or discovery in this action now, while the JPML considers whether to centralize pretrial proceedings on those same questions, risks exactly the kind of duplicative effort that a stay is designed to prevent. *See Aetna*, 48 F. Supp. 2d at 43 (staying case to "eliminate the potential for conflicting pretrial rulings"); *Portnoy*, 1987 WL 10236, at *1 ("Because the Court finds that it would be most efficient to avoid such duplication, the Court finds that a stay is in the interests of *all* parties."). To the extent Plaintiff contends that this action should not be included in the MDL—for example, because certain issues present in the other Related Actions are not at issue here—those are arguments that can and should be resolved by the JPML, not reasons for this Court to forgo the efficiencies of a time-bound stay.

A brief stay promotes judicial economy and avoids wasteful, duplicative effort for the parties and this Court. Defendants have not yet answered or otherwise responded to the Complaint,

and no discovery has occurred. Without a stay, Unison risks facing duplicative motions practice on the same factual and legal questions—motions that may need to be filed only once if the JPML centralizes these actions. A stay would eliminate this risk at minimal cost to Plaintiff, preventing the waste of litigating pretrial motions and conducting discovery that would need to be relitigated or redone if the case is transferred for coordinated pretrial proceedings with the Related Actions.

## II. A Brief Stay Will Not Prejudice Plaintiff, While the Absence of a Stay Will Be Inefficient.

By contrast, Plaintiff will not be prejudiced by a stay pending the JPML's ruling because such a stay will present minimal delay in this case. *See Portnoy*, 1987 WL 10236, at *1 (finding that "the delay that will result from this stay will be minimal" and "plaintiffs will [not] be prejudiced by a short-term stay of this action"). Defendants are requesting a stay of approximately eight weeks—from the date of this motion through mid-October when the JPML is expected to issue its decision on the MDL Motion. Plaintiff has already indicated that she does not oppose a September 4, 2026 deadline for Defendants to respond to the Complaint. *See* ECF No. 23 at ¶ 30. If the JPML denies the MDL Motion, Defendants commit to filing their motion to dismiss the Complaint within twenty-one (21) days of that ruling. If the JPML grants the MDL Motion, this action will be transferred to the designated transferee court for coordinated pretrial proceedings alongside the Related Actions. *See* MDL Mot. Br. at 18–19. Either way, the duration of the initial stay is bounded by the JPML's decision on the MDL Motion.

Because this case has not advanced beyond the pleading stage, a brief stay will not disrupt any ongoing proceedings, will not delay any discovery or trial deadlines (which have not yet been set), and will not deprive Plaintiff of any procedural advantage it currently holds. Moreover, Plaintiff's ESA—a copy of which is attached to the Complaint (ECF No. 1-1, Ex. A)—has a term of 30 years from the date of execution (October 9, 2018), meaning the ESA does not expire until

2048. Against a contractual relationship spanning more than two decades into the future, any prejudice from a stay of approximately eight weeks is de minimis. Plaintiff faces no imminent obligation to share any equity with Unison during the brief period it will take the JPML to act, and no right or remedy will be lost or impaired by a stay of this limited duration. *See also* Compl. ¶ 113. A stay of approximately eight weeks pending the JPML's ruling does not meaningfully delay Plaintiff's ability to vindicate any claim. In any event, Plaintiff has not (and cannot) demonstrate that any harm occasioned by a brief stay would be irreparable.

Plaintiff cites *Quinn v. JPMorgan Chase Bank, N.A.*, 2020 WL 3472448 (S.D.N.Y. June 24, 2020), for the proposition that it would be "helpful" for this case to move forward pending the JPML's ruling. *See Joint Status Report*, ECF No. 23 at ¶ 28. *Quinn* does not help Plaintiff here. As an initial matter, given the parties' joint motion to extend Defendants' deadline to respond to the Complaint and provide Plaintiff sixty days to oppose any motion to dismiss (ECF No. 7), which the Court granted, Defendants' anticipated motion to dismiss the Complaint will not be fully briefed—much less decided by the Court—before the JPML issues its decision on the MDL Motion. In fact, Plaintiff's opposition will not be filed until November. Denying a stay will not be helpful to move the case forward in any meaningful way. In addition, the *Quinn* court's reasoning for moving the case forward is of limited applicability here. The first factor upon which the court in *Quinn* rested its denial of a stay was that the plaintiffs were small businesses facing acute economic pressure from the COVID-19 pandemic with an obvious interest in proceeding expeditiously in lawsuits relating to PPP loan payments, *id.* at *1. There is no equivalent factor in this action. The MDL Motion is expected to be heard at the JPML's September 24, 2026 hearing—the stay Defendants seek is bounded and brief, a matter of weeks, not months. And courts have squarely held that *Quinn*'s "helpful to the MDL judge," *id.* at 2, rationale is "of limited force"

where, as here, a plaintiff "has identified no distinctive issues likely to arise in [her] case that would not also arise in the [MDL]." *Gallagher v. Boehringer Ingelheim Pharms., Inc.*, 2023 WL 402191, at *9 (S.D.N.Y. Jan. 25, 2023). Every issue Plaintiff raises is already at the center of all five Related Actions. Proceeding here would not advance the MDL; it would simply duplicate it.

Equally unavailing is Plaintiff's related suggestion that this stay motion is just another attempt "to seek further delay." ECF No. 23, at ¶ 20. Any assertion that this stay motion is motivated by delay would be inaccurate. Defendants seek a time-limited stay solely to enable the JPML panel to decide a pending motion that may render proceedings in this case unnecessary and inefficient.

Balancing the interests of judicial economy and the potential for minimal delay of these proceedings, this Court should exercise its inherent power to stay proceedings "with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254–55; *see also Belize*, 668 F.3d at 732–33 (weighing "competing interests" and requiring courts to maintain "an even balance" between judicial economy and hardship).

**III. This Court Should Grant Expedited Consideration of this Motion.**

Defendants respectfully request that the Court expedite consideration of this Motion. Defendants' deadline to respond to the Complaint is quickly approaching, *see* ECF No. 23 at ¶¶ 30, 44 (Parties indicating that they would not oppose a response deadline of September 4, 2026), and the JPML is expected to hear the MDL Motion at its September 24, 2026 hearing session and to issue a decision by mid-October 2026. If this Motion is not resolved before Defendants' response deadline, Defendants will be compelled to file a responsive pleading in an action that the JPML may transfer for coordinated proceedings just weeks later—precisely the kind of duplicative effort a stay is designed to prevent. Defendants therefore respectfully request that the Court shorten the briefing schedule on this Motion and direct Plaintiff to file any opposition within seven (7)

days of service, by August 28, 2026, with Defendants' reply due four (4) days thereafter. In the alternative, if the Court is not prepared to rule on this Motion before the September 4, 2026 response deadline, Defendants respectfully request that the Court extend Defendants' deadline to respond to the Complaint until after the JPML issues its decision on the MDL Motion.

## CONCLUSION

For the foregoing reasons, the Unison Defendants respectfully request that the Court (1) stay all proceedings in this action until the JPML issues a ruling on the pending motion to transfer; (2) direct the parties to file a joint status report within seven days of the JPML's ruling, advising the Court of the outcome and proposing next steps; (3) direct Defendants to file their motion to dismiss the Complaint within twenty-one days of that ruling if the JPML denies the motion to transfer; and (4) expedite consideration of this Motion as set forth above.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Raymond P. Tolentino*

Michelle L. Rogers (D.C. Bar #498625)
Raymond P. Tolentino (D.C. Bar #1028781)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Phone: 202-842-7800
Fax: 202-842-7899
Email: mrogers@cooley.com
Email: rtolentino@cooley.com

*Counsel for Defendants Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., Odin New Horizon Real Estate Fund, L.P., Odin New Horizon General Partner LLC, and Ismael Casas, Jr.*